UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EIGHT MILE STYLE, LLC and
MARTIN AFFILIATED, LLC,

    Plaintiffs,

Case No.
Hon.

v.

LAFONTAINE FORD ST. CLAIR, INC.,

    Defendant.

---

**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Eight Mile Style, LLC ("Eight Mile") and Martin Affiliated, LLC ("Martin") (collectively referred to as "Plaintiffs") state the following for their complaint against LaFontaine Ford St. Clair, Inc. ("LaFontaine"):

### INTRODUCTION

1. This is an action for willful copyright infringement brought by Plaintiffs, who own and control the popular musical composition "Lose Yourself" (the "Composition"), against LaFontaine for its unauthorized use of the Composition in online advertisements for one or more car dealerships in blatant disregard of the exclusive rights vested in Eight Mile.

## THE PARTIES

2. Eight Mile is a Michigan limited liability company with a principal place of business in Ferndale, Michigan.

3. Martin is a Michigan limited liability company with a principal place of business in Ferndale, Michigan.

4. LaFontaine is a Michigan corporation with its principal places of business in St. Clair, Michigan and Highland, Michigan.

## JURISDICTION AND VENUE

5. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), false endorsement under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and other related causes of action.

6. Because this case arises under the Copyright Act and the Lanham Act, this Court has exclusive jurisdiction over this action under 28 U.S.C. § 1338(a) and federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(a) because LaFontaine resides in this district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district. Venue is also proper under 28 U.S.C. § 1400 because LaFontaine resides or may be found in this district.

4905-7708-2130, v. 3

## GENERAL ALLEGATIONS

8. Plaintiffs are engaged in the business of creating, composing, producing, distributing, publishing, and marketing music.

9. Plaintiffs own the copyright registration for the Composition, "Lose Yourself." The Composition was written by Marshall Mathers III ("Mathers"), Jeffrey Bass, and Louis Resto. A copy of the relevant United States Copyright Office Public Catalog and the copyright certificate for the Composition, Registration Number PA0001152688, is attached to this complaint as Exhibit 1. The Composition is extremely well known, and is performed by Mathers, professionally known as "Eminem," one of the most popular recording artists in the world. Eight Mile is an independent music publisher and copyright administration company that owns and administers some of the most iconic and successful musical compositions in the world by recording artist Eminem, including "Lose Yourself", one of the most successful songs of all time, sitting at Number One on the Billboard Hot 100 Chart for 12 weeks, certified 13 times Platinum by the Recording Industry Association of America, winning the Academy Award for Best Original Song in 2003 and the Grammy Award for Song of the Year in 2004, and being streamed billions of times.

10. As part of an exclusive agreement, Plaintiffs have the exclusive right throughout the world to use and publish and permit others to use and publish the

professional name Eminem with respect to the publishing of Eminem's compositions.

11.   The Composition was licensed and featured in a two-minute Chrysler television commercial that aired during the 2011 Super Bowl. Chrysler generated millions of dollars of new and used automobile sales across the world from this use of the Composition.

12.   Unbeknownst to Plaintiffs, sometime between September 9, 2024 and October 22, 2024, LaFontaine posted to Facebook, Instagram, TikTok, and possibly other social media, television or streaming sites, a commercial promoting a limited-edition Detroit Lions Ford F-150 pickup truck that contains the Composition.

13.   LaFontaine's commercial included a caption referencing the Composition's lyrics, stating "You only get one shot to own a Special Edition Detroit Lions F-150. With only 800 produced, you only get one shot to own a Special Edition Detroit Lions 2024 PowerBoost Hybrid F-150."

14.   As of the date of filing this complaint, LaFontaine is continuing to publish its commercial containing the Composition on Facebook and possibly the other platforms. Currently, the commercial can be found at https://www.facebook.com/reel/556011110272293.

15. At no time did LaFontaine receive authorization or a license, as required by law, to record, reproduce, perform, transmit, copy, use, or otherwise exploit the Composition for any purpose.

16. LaFontaine's unauthorized use of the Composition is an unlawful act of copyright infringement in violation of the Copyright Act.

17. LaFontaine's violation of the Copyright Act was committed willfully.

18. LaFontaine's actions usurped Plaintiffs' exclusive rights to determine when and under what terms the Composition may be used for commercial endorsements and advertising.

19. In addition, LaFontaine's unlawful actions have materially diminished the future value of the Composition should Plaintiffs wish to make it available for future commercial advertising opportunities.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *ET SEQ.*)

20. Plaintiffs incorporate all other paragraphs of this complaint here.

21. Plaintiffs are the lawful and sole proprietors of the copyright to the Composition.

22. LaFontaine has not been granted a license to reproduce, distribute, publicly perform, or in any way use, compile, or exploit the Composition by Plaintiffs.

5

23. By LaFontaine's actions alleged above, it has infringed and will continue to infringe Plaintiffs' copyright in and relating to the Composition by reproducing, distributing, publicly performing, making available, and placing upon the market commercials that are in violation of Plaintiffs' copyright in the Composition.

24. Plaintiffs are entitled to an injunction restraining LaFontaine, its agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws and infringements of Plaintiffs' rights.

25. LaFontaine's direct and willful acts of infringement have caused and will cause irreparable harm to Plaintiffs unless such conduct is preliminarily and permanently enjoined, since the unauthorized reproduction and distribution of a musical composition has a special and unique value in the music industry.

26. Plaintiffs are further entitled to recover from LaFontaine the damages, including attorneys' fees sustained and which will be sustained, and any gains, profits, and advantages obtained by LaFontaine as a result of its acts of infringement alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs, but are reasonably believed to exceed $150,000.

27. Plaintiffs have no adequate remedy at law for LaFontaine's wrongful conduct in that (i) Plaintiffs' copyrights are unique and valuable property that have

no readily determinable market value; (ii) the infringement by LaFontaine constitutes an interference with Plaintiffs' good will and contractual relationships, and (iii) LaFontaine's wrongful conduct, and the damages resulting to Plaintiffs from that conduct, is continuing. LaFontaine has the ability to continue to commit these acts unless prohibited from doing so by this Court. Accordingly, Plaintiffs are entitled to damages as well as to injunctive relief under 17 U.S.C. §502.

## COUNT II
## FALSE ENDORSEMENT (15 U.S.C. § 1125(a))

28. Plaintiffs incorporate all other paragraphs of this complaint here.

29. At all times relevant to this complaint, Plaintiffs have had the unlimited right throughout the world to use, publish, and permit others to publish the professional name Eminem in uses relating to the publishing of Eminem's compositions, and accordingly have the associated endorsement rights for such uses related to Eminem.

30. LaFontaine has not been granted a license to reproduce, distribute, publicly perform, or in any way use, compile, or exploit the Composition by Plaintiffs.

31. Neither Plaintiffs nor Eminem have agreed to be affiliated with or endorse the goods or services of LaFontaine.

32. Lafontaine, by imitation or unfair device, have induced the general public to believe that LaFontaine had the right to distribute and use the Composition

7

in commercials and, therefore, that Plaintiffs and Eminem commercially endorse LaFontaine's products.

33. Defendants' violation of Plaintiffs' rights of publicity is willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage Plaintiffs.

34. As a direct result of LaFontaine's violations, Plaintiffs have suffered substantial harm including irreparable harm that cannot be remedied unless LaFontaine is enjoined from further use of the Composition.

## COUNT III
## UNFAIR COMPETITION

35. Plaintiffs incorporate all other paragraphs of this complaint here.

36. LaFontaine's wrongful acts of unfair competition consist of utilizing the Composition for the specific purpose of inducing the public to believe that the goods LaFontaine offers for sale are endorsed by or affiliated with Plaintiffs or Eminem.

37. LaFontaine, by imitation or unfair device, has induced the general public to believe that it had the right to distribute and use the Composition in commercials and that Plaintiffs and Eminem commercially endorsed their products.

38. LaFontaine has received and obtained substantial gains, profits, advantages, and benefits that the Plaintiffs rightfully deserve by reason of LaFontaine's acts of unfair competition.

4905-7708-2130, v. 3

39. LaFontaine, by way of the wrongful acts of unfair competition, has appropriated to itself the value of the reputation that the Plaintiffs have acquired by way of its production and publication of the Composition.

40. A natural, probable, and foreseeable consequence of LaFontaine's wrongful acts of unfair competition resulted in substantial deception of the general public.

41. LaFontaine's wrongful acts constitute unfair competition under the laws of the State of Michigan.

42. Plaintiffs are entitled to recover from LaFontaine the monetary damages suffered by them as a result of LaFontaine's wrongful acts of unfair competition.

43. Plaintiffs are further entitled to recover from LaFontaine the gains, profits, advantages, and benefits LaFontaine has received and obtained as a result of the unfair acts of unfair competition.

44. LaFontaine has acted intentionally, recklessly, willfully, and in bad faith, and the Plaintiffs are therefore entitled to exemplary damages by reason of LaFontaine's wrongful acts of unfair competition.

## COUNT IV
### UNJUST ENRICHMENT

45. Plaintiffs incorporate all other paragraphs of this complaint here.

46. LaFontaine has received and obtained substantial gains, advantages, and benefits by falsely inferring to the general public that its goods and services were affiliated with or endorsed by the Plaintiffs and Eminem.

47. It is inequitable and unjust for LaFontaine to retain those gains, advantages, and benefits.

48. LaFontaine has enriched itself to the detriment of Plaintiffs.

49. To the extent LaFontaine exploits the commercial as discussed above, it has retained such benefit without adequately compensating Plaintiffs.

50. LaFontaine should not, in equity and good conscience, be permitted to retain the benefit bestowed upon it by Plaintiffs.

51. As a result of the retention of the benefits from Plaintiffs, LaFontaine has been unjustly enriched.

52. As a result of the unjust enrichment of LaFontaine, Plaintiffs have incurred damages in an amount to be determined at trial, plus applicable interest, attorneys' fees, and costs.

53. Plaintiffs are entitled to receive and obtain from LaFontaine the reasonable value of a license and endorsement by the Plaintiffs and Eminem.

**REQUEST FOR RELIEF**

For the reasons stated above, Plaintiffs request that the Court enter a judgment in their favor and against LaFontaine:

- finding that LaFontaine has infringed on Plaintiffs' copyright in the composition;

- providing that LaFontaine, its agents, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyright in the Composition or from continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived, copied, and/or sampled from the Composition, in whatever medium, or to participate or assist in any such activity;

- ordering that LaFontaine and all its representatives, agents, servants, employees, officers, directors, partners, attorneys, subsidiaries, and all persons under their control or acting in active concert or participation with them to immediately post a notice on their web site stating that the prior use of the Composition was unauthorized and illegal;

- ordering that LaFontaine, its affiliates, and licensees immediately cease and desist from any further recording, reproduction, distribution, transmission, or other use of the Composition;

- entering judgment for Plaintiffs against LaFontaine for Plaintiffs' actual damages and for any profits attributable to infringements of Plaintiffs' copyright in the Composition under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

- entering judgment for Plaintiffs and against LaFontaine for statutory damages based upon LaFontaine's acts of infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, including 17 U.S.C. § 504(C)(1) and (2);

- entering judgment for Plaintiffs and against LaFontaine for Plaintiffs' actual damages and for any profits attributable to infringements of Plaintiffs' rights under the Lanham Act, 15 U.S.C. § 1111 *et seq.*, including attorneys' fees;

- ordering that all gains, profits, and advantages derived by LaFontaine from its acts of infringement be deemed to be held in constructive trust for the benefit of Plaintiffs;

- ordering that LaFontaine furnish to Plaintiffs a complete and accurate accounting of all profits earned in connection with its use of the Composition;

- entering judgment against LaFontaine for Plaintiffs' costs, disbursements, and attorneys' fees under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

- granting any other relief that the Court deems appropriate.

Respectfully submitted,

HERTZ SCHRAM PC

By: */s/ Howard Hertz*
Howard Hertz (P26653)
Matthew Turchyn (P76482)
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
hhertz@hertzschram.com
mturchyn@hertzschram.com
Counsel for Plaintiffs

Dated: January 27, 2025

4905-7708-2130, v. 3

## DEMAND FOR TRIAL BY JURY

Plaintiffs Eight Mile Style, LLC and Martin Affiliated, LLC hereby demand a trial by jury in the above-captioned case.

                                            Respectfully submitted,

                                            HERTZ SCHRAM PC

By: */s/ Howard Hertz*
Howard Hertz (P26653)
Matthew Turchyn (P76482)
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
hhertz@hertzschram.com
Counsel for Plaintiffs

Dated: January 27, 2025